UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| MARQUIS DERON HEARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 13-107-KKC |
| v. | ) | |
| | ) | |
| SHARON WITHERS, *Acting Warden*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Marquis Deron Heard, an inmate currently incarcerated in the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky, has filed a *pro se* habeas corpus petition, pursuant to 28 U.S.C. § 2241.[1]

As Heard has paid the $5.00 filing fee, the Court screens his petition to determine whether he is entitled to relief under § 2241. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b))*; see also* 28 U.S.C. § 2243. A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir.

---

[1] Heard has named Rodney Ballard as the respondent to this proceeding. Ballard is the Director of Fayette County Detention Center in Lexington, Kentucky, where Heard was previously confined. However, the only proper respondent to a petition for a writ of habeas corpus is the individual who has immediate custody of the person detained, typically the warden of the facility where the petitioner is confined. 28 U.S.C. §2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). As Heard is currently confined in USP-McCreary, and as the current Acting Warden of USP-McCreary is Shannon Withers, the Clerk of the Court will be instructed to terminate Rodney Ballard as the respondent and to substitute Shannon Withers as the proper respondent to this proceeding.

2001). Because Heard's petition is premature, he is not entitled to relief under § 2241. The Court will therefore deny Heard's petition and dismiss this proceeding without prejudice.

## BACKGROUND

On June 2, 2011, a federal grand jury in this district handed down a three-count indictment charging Heard with (1) conspiring with others to knowingly and intentionally distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846; (2) knowingly and intentionally distributing a mixture or substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1); and (3) conspiring with others to knowingly conduct financial transactions affecting interstate and foreign commerce, *viz.,* the purchase and sale of cocaine, which involved United States currency representing the proceeds of the unlawful distribution of cocaine, with the intent to promote the carrying on of that unlawful activity, and that Heard knew that the currency involved in these financial transactions represented the proceeds of an unlawful activity, all in violation of 18 U.S.C. § 1956(h). *See United States of America v. Marquis Deron Heard*, 5:11-CR-73-KKC. The indictment also sought the forfeiture of certain personal property and real property, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982.

On July 7, 2011*,* a superceding indictment was handed down, charging Heard with conspiring to commit drug trafficking in violation of 21 U.S.C. § 846; distributing cocaine/crack cocaine in violation of 21 U.S.C. § 841; being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); and conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h). [R. 13, therein] The superceding indictment also sought the forfeiture of property pursuant to 21 U.S.C. § 853 and 18 U.S.C. §§ 982 and 924(d). [*Id.*]

On November 3, 2011, a second superceding indictment was handed down, charging Heard with conspiring to commit drug trafficking; distributing cocaine/crack cocaine; being a felon in possession of a firearm; knowingly engaging in a transaction affecting interstate commerce in violation of 18 U.S.C. § 1957; and 28 counts of money laundering. [R. 57, therein] The second superceding indictment also sought the forfeiture of property pursuant to 21 U.S.C. § 853 and 18 U.S.C. §§ 982 and 924(d). [*Id.*]

On January 11, 2013, the jury convicted Heard on the drug, firearm, and money-laundering offenses. [R. 193, therein] On May 6, 2013, this Court sentenced Heard to a 360-month prison term, followed by a 10-year term of supervised release. [R. 218, therein] On May 8, 2013, Heard filed a Notice of Appeal [R. 224, therein], and his appeal is now pending in the Sixth Circuit Court of Appeals, Case No. 13-5649. [R. 225, therein; *see also* https://ecf.ca6.uscourts.gov/cmecf/servlet/TransportRoom?servlet=CaseSummary.jsp&caseNum=13-5649&incOrigDkt=Y&incDktEntries=Y (last visited on August 2, 2013)].

### ALLEGATIONS OF THE § 2241 PETITION

In his § 2241 petition, Heard contends that (1) he was charged with conspiracy, but that was impossible to have a one-man conspiracy where he was the only defendant charged with the offense; (2) the evidence at trial was insufficient to establish the existence of a conspiracy; (3) the government selectively prosecuted him and refused to charge other persons involved in the alleged criminal activity because of "race and prejudice" [*Id.*, p. 8]; (4) the indictment was

3

legally defective;[2] and (5) the police forcibly entered his residence, kicked in his door, and searched his residence on a defective indictment. Heard seeks immediate release from custody.

## DISCUSSION

Heard's § 2241 petition is premature. Heard alleges that during various stages of his criminal proceeding, the government violated both his Fourth Amendment right to be free from unreasonable searches, and his Fifth Amendment rights to due process of law and equal protection of the laws. But § 2241 is not the mechanism for asserting such constitutional challenges: 28 U.S.C. § 2255(a) provides the correct mechanism for a federal prisoner to challenge his conviction or sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section § 2255 is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10–CV–36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010). A petitioner may challenge the legality of his conviction through a § 2241 petition *only* where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). [3]

However, at this stage, Heard can not avail himself even of the post-judgment remedy set forth in § 2255, because the direct appeal of his criminal conviction and sentence is currently pending in the Sixth Circuit Court of Appeals. The law is clear that absent extraordinary

---

[2] Heard's argument on this point is unclear. Heard states, "Due process was avoided and never allowed me in case 11 cr 73 & the USA formed this indictment by giving me a QUASI IN REM action restraining me from having my liberty." [R 1, p. 7]

[3] Typically, a petitioner can demonstrate that his remedy under § 2255 was inadequate and ineffective to challenge his detention only where, after his conviction has become final, the Supreme Court has re-interpreted the terms of the statute which he convicted of violating in such a way that his actions could not be considered as violating the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004).

4

circumstances, a district court is precluded from entertaining a collateral challenge brought under § 2255 while the direct appeal of a defendant's criminal conviction is pending. *Smith v. United States*, 89 F.3d 835 (6th Cir. 1996) (unpublished) (noting that the "well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending.") (quoting *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993)); *Sargent v. United States*, 19 F.3d 1434, 1994 WL 83324, at *1 (6th Cir. March 15, 1994) (Table) (holding that district court properly denied the petitioner's § 2255 motion as premature where his appeal was pending when he filed his § 2255 motion) (citations omitted).

This Court has recently rejected as premature a § 2241 petition filed under similar circumstances. In *Denton v. U.S. Atty. Gen.*, No. 6:12-CV-219-DCR, 2012 WL 5450034, at *1 (E.D. Ky. Nov. 7, 2012), the prisoner filed a § 2241 petition in this Court, seeking relief from his various Alabama federal convictions at the same time his direct appeal of those convictions was pending before the Eleventh Circuit Court of Appeals. [*Id.*, at *1] Judge Danny C. Reeves denied Denton's § 2241 petition as premature, stating:

> Here, Denton's convictions are being challenged on direct appeal, making even a motion for relief under § 2255 premature.
> . . . .
> In summary, Denton must complete the appellate process before seeking relief via § 2255, a step he must take before he may make even a colorable argument for the availability of a remedy under § 2241. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *White v. Grondolsky*, No. 6: 06–309–DCR, 2006 WL 2385358, at *3 (E.D.Ky. Aug. 17, 2006).

*Denton*, 2012 WL 5450034, at *1.

Heard's case is in the same procedural posture as Petitioner Denton's case was in November 2012. Like Petitioner Denton, Heard must first complete the appellate process as to his criminal

5

convictions, and assert his various Fourth and Fifth Amendment challenges in *that* proceeding. If dissatisfied there, Heard may collaterally challenge his conviction and sentence by filing a timely motion in this Court, seeking relief under 28 U.S.C. § 2255. Only after Heard exhausts both of those avenues of relief may he petition a district court for the extraordinary relief under § 2241.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The Clerk of the Court shall **TERMINATE** Rodney Ballard as the respondent, and shall **SUBSTITUTE** Shannon Withers, Acting Warden of USP-McCreary, as the respondent herein.

(2) Marquis Deron Heard's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [R. 1] is **DENIED** as **PREMATURE**.

(3) This action is **DISMISSED WITHOUT PREJUDICE** to Heard's right to assert the same constitutional claims in his pending criminal appeal, Sixth Circuit Court of Appeals as Case No. 13-5649, or, if appropriate, after he has exhausted other available remedies.

(4) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Shannon Withers, Acting Warden of USP-McCreary.

(5) For informational purposes, the Clerk of the Court is directed to provide Andrew M. Stephens, Heard's court-appointed counsel in the criminal action (11-CR-73-KKC), with a copy of this Memorandum Opinion and Order and with a copy of Heard's § 2241 habeas petition [R. 1].

This August 2, 2013.



Signed By:
*Karen K. Caldwell*  KKC
**United States District Judge**